# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GARZA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NEWS BROADCASTING CENTERS, et al.,<br><br>　　　　　Defendants. | **Case No. 1:17-cv-01389-SKO (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE FOR IMPOPER VENUE AND FAILURE/INABILITY TO STATE A CLAIM**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>**THE CLERK OF THE COURT IS DIRECTED TO ASSIGN A DISTRICT JUDGE** |

## **FINDINGS**

### **A.　Background**

Plaintiff, Raul Garza, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff's Complaint is before the Court for screening. (Doc. 1.) Plaintiff raises retaliation and slander claims on behalf of the United States President, Donald J. Trump, based on actions by news media, members of congress, and the Federal Bureau of Investigations ("FBI"). Though this Court is not the proper venue for this action, it is recommended that the action be dismissed rather than transferred to a court of proper venue since Plaintiff seeks to proceed on claims for which he has no constitutional right.

### **B.　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

**C.  Pleading Requirements**

**1.  Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and

the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient,

and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

### D. Summary of the Complaint

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California ("CCI"). All three of Plaintiff's claims are for slander and retaliation based on allegations that the media has been slandering President Donald Trump over a variety of issues. Plaintiff alleges that Senators Kamela Harris and Paul Ryan wrongly appointed FBI agents who allow the slanderous acts to continue. This Court lacks jurisdiction over Plaintiff's action as he only seeks to pursue state court claims which are not properly venued in this action. However, although Plaintiff indicates that each of his claims are based on retaliation and slander, as discussed in detail below, Plaintiff cannot state cognizable claims for violation of his constitutional rights based on the alleged facts. Accordingly, leave to amend need not be granted since futile and transfer of this action to a court of proper venue would not be in the interest of justice.

## DISCUSSION

### A. Venue and Jurisdiction

#### 1. Venue

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

4

defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Though Plaintiff is currently housed at CCI, none of the defendants reside in this district. Plaintiff lists the locations of all Defendants in "D.C." and three of the four Defendants in Sacramento as well as "D.C.." Thus, the most appropriate venue for this action would be either in the district court in Washington D.C., or in the Sacramento division of this court. Normally, under such circumstances, this Court's practice is to issue an order transferring the case to the court of proper venue. However, as discussed below, jurisdiction is lacking over Plaintiff's claims and Plaintiff does not have any protectable constitutional rights based on his allegations. Thus, it would not be in the interest of justice to transfer this action to another court. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.")

### 2. State Law Claims

On the first page of the Complaint, in the "jurisdiction" section, Plaintiff only marked the box for "Other" and wrote in "State Issue." (Doc. 1, p. 1.)

#### a. California Tort Claims Act

Under the California Government Claims Act ("CGCA"),[1] set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*,

---

[1] The Government Claims Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

5

12 Cal.3d 447, 455 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn.omitted).

Plaintiff fails to state any allegations to show compliance with the CGCA to be allowed to proceed on his claims under California law in this action.

### b. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

However, "[t]he district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also Watison v. Carter*, 668 F.3d 1108, 1117-18 (9th Cir. 2012) (even in the presence of cognizable federal claim, district court has discretion to decline supplemental jurisdiction over novel or complex issue of state law of whether criminal statutes give rise to civil liability). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)).

Supplemental jurisdiction should be declined in this case since Plaintiff only seeks to pursue claims under state law and, as discussed below, cannot state cognizable claims for violation of his own constitutional rights for this Court to exercise original jurisdiction.

**B.     Plaintiff's Allegations**

Plaintiff's allegations under each of his claims are set forth below, verbatim.

   **1.     Claim I**

On and within the years of 2016-2017 All US Broadcasting News Centers did not stop the first broadcasting slander that the voting system was hacked by Russia or Russian spys (sic) from over seas to change the election system. Within the years, the Broadcast News have been continuing to broadcast slander of espionage with no evidence of or from any state electronic system local citys (sic) within was hacked (even through lazer beams) to change anyone electronic voting box (one man system) or was physically tampered with. Only reports espionage in attempts to continually slander President Donald Trump and with no physical documents that show unregistered voters voted or dead citizens voted only espionage in evil intention to slander President Donald Trump.
Within years of 2016-2017 all news stations have broadcasted this slander.
? Howe easy would it be to slander if we only need to use the word espionage to free evil motives?

   **2.     Claim II**

On within years of 2016-2017 FBI Sacramento Office and DC FBI office did not stop or have not stopped the slander of President Trump from being ari-on t.v. news. But have encouraged air-on slander of President Donald Trump with only espionage and did not produce any form of voter fraud to any news station that could be useful in reasonable drought, nor have they made any effort to check voter count to voting count only use espionage of there was conflict between Trump, Jr. and Russian Attorney.
Nor have they said that are Voter Boxes can be hacked into by and from OverSeas.
?Could not a link be made by finding what name or social security number is being illegally used to add voters to vote to link other voting matters? As we do have a lot of illegal ailians Obama has or had promised Driver Licenses to according to T.V. and now Sanctuary citys for illegal imagreants.

   **3.     Claim III**

On within years of 2016-2017 California Senators Kamela Harris and Paul Ryan House of Representative and House of Represitive House Speaker for Congress. Have willingly and wrongfully appointed FBI agents to continue to slander President Donald Trump and keep the public at bay-with espionage for their hate against President Donald Trump by defiling slander laws and policys of health care. They did not stop any one from slandering President Donald Trump. The House Speaker Acts as if he is running the white house and probably through the acts of slander against President Donald Trump. The did not say there is no evidence to support the espionage. What I write is what they are air-on about and with that slander. Both senators continue to express their dislike of President Donald Trump through forms of obstruction of US matters for personal reasons.

> Both Senators allow this illegal alian sanction citys to be in US and LA City now since 9-20-2017 mayor declared.

None of Plaintiff's allegations meet the requirements for stating a cognizable claim for retaliation or slander.

### C. Plaintiff Cannot State a Cognizable Retaliation Claim

The First Amendment protects inmates from retaliation for engaging in protected conduct. A retaliation claim has five elements. *Id.* at 1114. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009).

First, the plaintiff must allege that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Waitson*, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

It bears repeating that while Plaintiff need only allege facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at 678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Plaintiff does not state any allegations in this action to show that he has been subjected to retaliation, or that the acts of which he complains were directed at, or somehow harmed Plaintiff

in any way. Plaintiff's allegations do not set forth any basis which would entitle Plaintiff to damages for the acts of which he complains, and the Court finds none. Certainly, Plaintiff may be upset over the current political climate in our country and over what he feels is unfair and inadequate policing of our politicians and the news media in general. However, there is no constitutional basis for an individual citizen to seek damages based on incorrect or dishonest news stories or for inadequacies of senators and congressional representatives. Plaintiff's current factual allegations cannot be revised or amended to state a retaliation claim under § 1983.

### D. Plaintiff Cannot State a Cognizable Claim for Slander

In California, to state a *prima facie* case of slander, a plaintiff must show an intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage. *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (1999). California Civil Code section 46 provides as follows:

> Slander is a false and unprivileged publication, orally uttered, . . . which:
>
>   1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;
>   2. Imputes in him the present existence of an infectious, contagious, or loathsome disease;
>   3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;
>   4. Imputes to him impotence or a want of chastity; or
>   5. Which, by natural consequence, causes actual damage.

A statement that falls within one of the first four categories of California Civil Code section 46 constitutes slander *per se* and does not require proof of actual damages. *Regalia v. Nethercutt Collection*, 172 Cal.App.4th 361, 367 (2009). Plaintiff cannot show that statements in the news or Congress, about President Trump and the 2016 election, have damaged Plaintiff in any way. Nor can Plaintiff allege any facts upon which he, as a prisoner, is authorized to bring suit on behalf of the President of the United States and the Court finds none.

/ / /

/ /

**RECOMMENDATION**

This Court lacks jurisdiction over the claims raised by Plaintiff under state law in the Complaint. Further, although this Court is not the proper venue for Plaintiff's allegations, dismissal is proper since Plaintiff's claims are not capable of being made cognizable. Accordingly, the interests of justice would not be served by transferring this action to a proper venue. Given that Plaintiff, a state inmate, has no constitutionally protected right to pursue his stated claims on behalf of the President of the United States, the defects in his pleading are not capable of being cured through amendment. Amendment would be futile and need not be granted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed with prejudice. The Clerk of the Court is directed to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 29, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE